USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/25/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
JEAN MARC MAURICE,                                          :
                                                            :     10 Civ. 05370 (DAB) (DF)
                              Plaintiff,                    :
                                                            :     **REPORT AND**
            -against-                                       :     **RECOMMENDATION**
                                                            :
C.O. CAPT. BUTLER, ET AL.,                                  :
                                                            :
                              Defendants.                   :
------------------------------------------------------------X

**TO THE HONORABLE DEBORAH A. BATTS, U.S.D.J.:**

For the reasons set forth herein, I recommend that this action be dismissed without prejudice.

## BACKGROUND

On July 14, 2010, Plaintiff, appearing *pro se*, initiated this action against defendants Correctional Officer Captain Butler ("Butler"), Correctional Officer Williams ("Williams"), Correctional Officer Taylor ("Taylor"), Correctional Officer Wilkins ("Wilkins"), and Correctional Officer Captain Marced ("Marced") (collectively, "Defendants"). (Dkt. 2.) On June 20, 2011, Butler, Marced, Wilkins, and Williams filed an answer. (Dkt. 17.) Taylor, apparently, was never served.

On June 21, 2011, the Honorable Deborah A. Batts referred this case to me for general pretrial supervision and to report and recommend on any dispositive motions (Dkt. 18), and, on June 24, 2011, I issued an Order scheduling a telephonic case management conference for July 13, 2011 (Dkt. 19). This order was mailed to Plaintiff at his address of record at Buffalo Federal Detention Facility in Batana, New York, but was returned undeliverable on July 14, 2011, with a notation that there was no known forwarding address.

By letter dated July 7, 2011, Defendants' counsel has informed the Court that Plaintiff was deported to Haiti as of June 14, 2011 and has no known forwarding address or telephone number. (Letter to the Court from Steven M. Silverberg, Esq., dated July 7, 2011 (attached hereto).) The Court has not received any communications from Plaintiff since May 9, 2011.

## DISCUSSION

A plaintiff has a general obligation to prosecute his case diligently, and, if he fails to do so, the Court may dismiss the action under Rule 41(b), for failure to prosecute. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). "A plaintiff's lack of diligence alone is enough for dismissal." *West v. City of New York*, 130 F.R.D. 522, 526 (S.D.N.Y. 1990) (citation omitted); *see also Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 667 (2d Cir. 1980) ("a dismissal is justified for [the plaintiff's] failure to prosecute at all"). The Court need not wait for a motion to dismiss, *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962), and is not required to provide notice of the dismissal, *see West*, 130 F.R.D. at 524. Indeed, because district courts are "necessarily vested" with the control required "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," this Court may even dismiss an action *with* prejudice, where a plaintiff fails to prosecute his case. *Link*, 370 U.S. at 630-31.

In this action, Plaintiff has failed to keep the Court apprised of his current contact information, and the Court has no way to reach him. Moreover, assuming that Plaintiff has been deported, as Defendants report, it seems unlikely that Plaintiff would be able, at this time, to proceed with this case. Accordingly, I recommend that this action be dismissed, although I further recommend that any dismissal be without prejudice to refile this action, should Plaintiff be able to recommence the litigation at some later point.

## CONCLUSION

For the reasons set forth above, I recommend that Plaintiff's claim be DISMISSED without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Deborah A. Batts, United States Courthouse, 500 Pearl Street, Room 2510, New York, New York 10007, and to the chambers of the undersigned, United States Courthouse, 40 Centre Street, Room 631, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Batts. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated:  New York, New York
        July 25, 2011

                                        Respectfully submitted,

                                        _____
                                        DEBRA FREEMAN
                                        United States Magistrate Judge

Copies to:

Hon. Deborah A. Batts, U.S.D.J.

Mr. Jean Marc Maurice
047029256
Buffalo Federal Detention Facility
4250 Federal Drive
Batana, NY 14020

Steven Mark Silverberg, Esq.
New York City Law Department
100 Church Street
New York, NY 10007




**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

**STEVEN M. SILVERBERG**
*Assistant Corporation Counsel*
Email: ssilverb@law.nyc.gov
Tel.: (212) 788-1336
Fax: (212) 788-9776

July 7, 2011

BY FAX
Honorable Debra C. Freeman
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007
(212) 805-4258

    Re: Jean Marc Maurice v. Captain Butler, et al.,
      10 Civ. 5370 (DAB)(DCF)

Your Honor:

    I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and I am the attorney for defendants Captain Butler, Captain Merced, Correction Officer Williams and Correction Officer Wilkins assigned to the Maurice action. I write to advise the Court that the undersigned has made efforts to arrange for plaintiff to participate by telephone at an initial conference with Your Honor on July 13, 2011 at 11:30 a.m., however, I have been informed that plaintiff has been deported to Haiti as of June 14, 2011. No forwarding address or telephone number was provided. As such, the undersigned respectfully requests to be relieved from Your Honor's Order of June 24, 2011 and further requests that the initial telephone conference be adjourned sine die.

    Additionally, defendants respectfully request that Your Honor compel plaintiff to update his address on the Civil Docket Sheet on pain of sanctions, including but not limited to dismissal for failure to prosecute. Courts in this Circuit have repeatedly held that a plaintiff has an obligation to keep the court aware of a changed address. See e.g., Concepcion v. Ross, No. 92 Civ. 770 (ILG), 1997 U.S. Dist. LEXIS 18616, at *3-4 (E.D.N.Y. Oct. 27, 1997) (holding that the responsibility for keeping the court updated as to changes of address under Local Civil Rule 1.3(d) is applicable to a pro se plaintiff). Moreover, the failure to furnish a current address may result in a dismissal with prejudice. See Myvett v. Rosato, No. 03 Civ. 2370 (LAP)(GWG), 2004 U.S. Dist. LEXIS 10952, at *2 (S.D.N.Y. July 20, 2004).

Accordingly, defendants Captain Butler, Captain Merced, Correction Officer Williams and Correction Officer Wilkins respectfully request that (1) the Court adjourn the previously-scheduled initial conference <u>sine die</u>; and (2) the Court compel plaintiff to update his address by a date certain on pain of sanctions, including dismissal for failure to prosecute.

Thank you for your consideration of the application herein.

Respectfully submitted,

Steven M. Silverberg
Assistant Corporation Counsel
Special Federal Litigation Division

CC:   <u>BY MAIL</u>
Jean Marc Maurice, # 047029256 (last known address)
*Plaintiff* Pro Se
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, NY 14020

- 2 -